## JACOB C. BAER, PLAINTIFF, v. EMPLOYEES' RETIRE-MENT SYSTEM OF COUNTY OF ESSEX, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided November 10, 1853.

*Mr. James H. Sanderson,* attorney for plaintiff.

*Mr. Marshall Crowley,* attorney for defendant.

COLIE, J. S. C.   Jacob C. Baer, an honorably discharged veteran, was employed by the County of Essex from July 21, 1921 to August 1, 1951.   On December 1, 1937 he became a member of the County Employees' Pension Fund and 3% of his salary was deducted and paid into said fund until July 1, 1943.   On the latter date, he became a member of the "Employees' Retirement System" and thereafter 5% of his salary was deducted until July 31, 1951, amounting to $2,013.72.   On July 2, 1951 he applied for retirement under the Veterans' Public Retirement Act, *R. S.* 43:4–1 *et seq.,* and on July 12, 1951 the board of chosen freeholders retired him on half-pay because of "incapacity for the duties of his position."   Thereafter, Baer applied for withdrawal of 75% of the moneys deducted from his salary and paid into the

Employees' Retirement System Fund. The application was denied, and the plaintiff then instituted a suit in the County Court which was transferred to the Superior Court, Essex County, and by agreement of counsel proceeded in this court as an action in lieu of prerogative writ, the plaintiff seeking to reverse the action of the Pension Fund Commission in denying the 75% refund. The matter was submitted to the court on stipulation of facts, briefs and oral argument. An examination of the cases cited throws no light on the plaintiff's right to relief, since they deal with statutes other than the one under consideration.

Whatever rights plaintiff may have arise from *N. J. S. A.* 43:10–18.18, which reads as follows:

"From and after July first, one thousand nine hundred and forty-three, any employee who is or becomes a member of this retirement system may not withdraw therefrom and shall not be entitled to a refund of any moneys theretofore and thereafter deducted from his salary hereunder; *provided, however,* that any employee who separates from the county service through his discharge, resignation, or for any other reasons other than retirement shall be entitled to a refund of seventy-five per centum (75%) of all moneys theretofore deducted from his salary for the retirement system established hereunder; *and provided, further,* that where the service of an employee is terminated by death of the employee, if such employee leaves no widow, widower, or children under eighteen years of age, seventy-five per centum (75%) of all moneys theretofore deducted from his salary for the retirement system established hereunder shall be paid to such employee's parent or parents if any survive and, if none survive, seventy-five per centum (75%) of all moneys theretofore deducted from his salary for the retirement system established hereunder, not exceeding in any event three hundred dollars ($300.00) shall be paid to the estate of the deceased employee to defray burial expenses."

The right to a refund is to be found within the four corners of *N. J. S. A.* 43:10–18.18, the pertinent part of which reads: "* * * any employee * * * shall not be entitled to a refund of any moneys theretofore and thereafter deducted from his salary hereunder; *provided, however,* that any employee who separates from the county service through his discharge, resignation, or for any other reasons other than retirement shall be entitled to a refund

of seventy-five *per centum* (75%) of all moneys theretofore deducted from his salary for the retirement system established hereunder; *and provided, further,* that where the service of an employee is terminated by death of the employee, \* \* \* seventy-five *per centum* (75%) of all moneys theretofore deducted from his salary for the retirement system established hereunder shall be paid \* \* \*." The ambiguous language is "for any other reasons other than retirement." This last phrase, standing alone, might be construed to apply to retirement under any statute providing therefor. However, when one turns to the second proviso and notes that in the case of the death of an employee that the 75% refers to "all moneys theretofore deducted from his salary for the retirement system established hereunder," it becomes apparent that' the Legislature had in mind refund of moneys deducted from an employee's salary by virtue of the provisions of the Employees' Retirement System Act, of which *N. J. S. A.* 43:10–18.18 is a part.

The first proviso as to the refund of 75% "for any other reasons other than retirement" must be read in connection with the second proviso which would entitle the parents to a refund of 75% "of all moneys theretofore deducted from his salary for the retirement system established hereunder," and unless the second proviso is read as modifying the first proviso, then the statute is practically meaningless insofar as setting up a just and equitable system of retirement is concerned.

The use of the phrase "a refund of any moneys theretofore and thereafter deducted from his salary *hereunder*," and the repetition in both provisos of the phrase "deducted from his salary for the retirement system established hereunder," is a clear indication limiting the phrase "other than retirement" in the first proviso to retirement under the Employees' Retirement System Act and has no applicability to retirement under the Veterans' Public Retirement Act.

A careful reading of *R. S.* 43:10–1 *et seq.* leads irresistibly to the conclusion that the Legislature was dealing with and had in mind solely the particular pension fund set up

thereunder. Hence the phrase, "for any other reasons other than retirement," means retirement under *R. S.* 43:10–1 *et seq*. This view finds support in *R. S.* 43:10–16 reading: "No person who receives or is or shall be entitled to receive a pension under any other law of this state providing for contribution to a pension fund out of the compensation of county employees, shall be entitled to receive the benefits of this article." Applying section 16 to the situation in this case, it would seem that the word "retirement" in *N. J. S. A.* 43:10–18.18 is used with reference to pensions under a contributory pension fund. *R. S.* 43:4–1 *et seq*. under which plaintiff elected to retire is non-contributory.

Judgment for the plaintiff.